55 CCPA
**Application of Albert M. ZALKIND.**
**Patent Appeal No. 7947.**

United States Court of Customs and Patent Appeals.

April 4, 1968.

\* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Albert M. Zalkind, pro se.

Joseph Schimmel, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel) for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and SMITH, ALMOND and KIRKPATRICK,\* Judges.

SMITH, Judge.

The dispositive issue in this appeal is whether appellant's claimed subject matter is obvious in view of the teachings of the references within the meaning of 35 U.S.C. § 103.

This is an appeal from the decision of the Patent Office Board of Appeals,[1] adhered to upon reconsideration, affirming the examiner's rejection of claims 3, 7, 31, 32 and 36 of appellant's application [2] as "unpatentable over" prior art.

The invention in issue relates to a cap-firing toy whip having a whip element attached to a handle. The handle contains what appellant terms an "inertia-operated" cap feed mechanism, a hammer, and an anvil. Those elements are arranged so that caps are automatically and successively fed sequentially one at a time from a roll to a position between the hammer and the anvil where each cap is successively exploded to provide a sound sim-

1. The board consisted of Messrs. Bailey and Brewrink, Examiners-in-Chief and Reynolds, Acting Examiner-in-Chief. Mr. Bailey wrote the opinion of the board.

2. Serial No. 227,331, filed October 1, 1962, entitled "Paper Cap Exploding Novelty Toy." Claims 4-6, 9, 12, 13, 15-28, 30 and 35 stand allowed.

ulating the repetitive "cracks" of a snapping whip.

The invention is better understood by reference to Figs. 10 and 11.[3]

Fig. 10

Fig. 11

The casing handle 206 has a swinging arm 210 pivotally secured at post 213. It is apparent that a snapping motion of the handle will result in pivotal movement of the arm. The arm is provided with a bent portion which serves as a hammer 254 that coacts with an anvil 228 (Fig. 11) so that when a paper cap from roll 200 is interposed between the hammer and the anvil, it will be exploded by the impact. The arm 210 and whip element 258 carried by the arm have sufficient mass to flex a leaf spring 242 by what appellant terms "inertia effect." Leaf spring 242 is carried by the swinging arm 210 and is a flexible feed finger which engages and pushes the cap strip

successively for a distance equal to the length of a cap each time the whip element is snapped. A series of barbs 238 prevents return motion of the cap strip. The burnt caps are discharged through a slot adjacent to the open top of the handle. The arm 210 itself may be given sufficient mass to operate the device. The whip element 258 need not be relied upon to add to the mass but could, in fact, be fixed to the handle rather than having a pivotal movement.

Claims 7 and 31 are representative of the appealed claims. They state:

7. A novelty toy having a handle, means carried by said handle for ex-

3. The application as filed contained many modifications. Appellant asserts that the claims on appeal are directed to Figs. 10–13, 18–24b, and 25–28. From the record, it appears that the elected species is shown in Figs. 21 and 22. We here discuss Figs. 10 and 11 only to assist in understanding the invention claimed.

ploding a cap, said means comprising a movably mounted weight element actuatable by a snapping movement of said handle, said handle having means for storing a cap strip therein, and means connected to said movably mounted element for effecting feed of said strip into position to be struck by said movable element.

31. A cap exploding toy comprising a handle and an anvil and a hammer supported thereby, an inertia operated means comprising a mass movable by snapping movement of said handle and being connected to actuate said hammer for striking a cap against said anvil, means for storing a strip of caps and a feeding means disposed to engage said strip and being connected to said inertia operated means for actuation thereby for effecting successive feeding of caps between said hammer and anvil.

The prior art relied upon is:

| Wertz | 926,307 | June 29, 1909 |
| Boring | 3,032,925 | May 8, 1962 |

Boring discloses a cap-firing whip having a handle which is hollow. The upper end of the handle is provided with a cap-receiving and firing anvil. A cap-firing hammer is slidably mounted in a hollow body portion. By properly manipulating the handle and whip element, the impact surface of the hammer is brought against the cap on the anvil, and the cap is exploded.

Wertz discloses a cane having an anvil, a hammer, a cap-feeding spring, a holding spring, and a roll of caps, all mounted within the cane. The hammer and springs are arranged for simultaneous reciprocatory movement by their mounting on a common support, which is itself reciprocable in the cane. Striking the cane against a supporting surface such as the ground or a floor forces the hammer to move upwardly and explode a cap on the anvil. A spring holds the strip of caps against upward movement when the hammer strikes the cap. Subsequent downward movement of the hammer under the influence of a return spring causes another spring to move downwardly, thus pulling the strip of caps in the same direction, and to position a new cap against the anvil in preparation for the next cycle.

In his Answer, the examiner stated:

Claims 3, 7, 31, 32 and 36 are deemed unpatentable under 35 USC 103 as defining nothing unobvious over Boring in view of Wertz. To provide the handle of Boring with a suitable space for storing a roll or strip of caps, and a feed finger connected to the hammer for movement synchronously therewith would be obvious to a person skilled in the toy making art, in view of the suggestion of Wertz. It is believed the mechanical changes necessary to effect such modification would require only ordinary mechanical skill.

The board affirmed, adding the clarification that:

The Examiner has held that Wertz would make it obvious to use corresponding mechanism so that the hammer in Boring, due to its rectilinear motion, would cause automatic feed of caps successively from a roll.

Appellant challenges this holding on the ground that he is the first to provide for automatic feed of caps from a roll in a device in which the hammer is moved by a whip action. In his device the hammer does not move in a rectilinear sliding path. However, the claims are all so broad as to read upon a rectilinear sliding path.

Appellant's position here is that no reasonable basis exists for modifying or "combining these references, except as a matter of pure hindsight." He states in his brief:

At no point does the Board's decision set forth how Wertz and Boring could be combined to produce an automatically operating cap firing toy whip nor does the Examiner's Answer * * * give any explanation as to how Boring

could be modified in view of Wertz to produce the applicant's combination and effect, although the Answer relies on Boring as the primary reference.

The question here, however, seems to us to be whether the subject matter sought to be patented is obvious under the conditions stated in 35 U.S.C. § 103. It is, of course, not necessary to determine whether that which must be done to the device of Boring is likewise done by Wertz, or vice versa. We need to determine whether the claimed subject matter as a whole would have been obvious to one of ordinary skill in the art following the *teachings* of the prior art at the time the invention was made. See In re Wesslau, 353 F.2d 238, 53 CCPA 746 (1965). We think the solicitor correctly points out that:

> The basis for combining the teachings of the references is the fact that both relate to cap firing devices as well as to an inertia operated hammer. * * *

Appellant argues that the main distinction between the allowed claims and the claims on appeal resides in whether the "hammer and/or inertia means is pivotally mounted." He asserts that the "concept" of the invention is not the particular mode of movement of an inertia means, but rather resides in "the thought that an inertia means can be utilized for feeding and exploding caps." He adds that:

> * * * In appellant's teaching a moving mass provides the mechanical energy that motivates both a hammer effect and a cap feed effect. How can that concept be "obvious" except as a matter of sheer hindsight?

Those arguments are not persuasive. We think that the delineation of the "concept" shown or not shown is not necessarily controlling in view of the statutory requirements.

Thus, reviewing such differences as may exist between the claimed subject matter and the combined *teachings* of the prior art, we conclude that that subject matter as a whole would have been ob-vious under the statutory prescription stated in section 103.

Therefore, the decision of the board is affirmed.

Affirmed.